¶ 1 I concur in the majority's analysis and disposition of appellant's fifth assignment of error. I respectfully dissent from the remainder of the majority opinion.
 {¶ 2} In its discussion of appellant's third assignment of error, the majority concludes the trial court did not error in finding fraud was not a viable defense. The majority bases its conclusion on Mrs. Mann's testimony regarding the closing scenario and finds ". . . the statement was made after Mr. Mann had signed the quit claim deed." Maj. Op. at 9, para. 49.
 {¶ 3} While Mrs. Mann did say she heard Ms. Turner say their ability to sell three acres of their land would not be affected by signing the documents, such fact does not necessarily negate the possibility Ms. Turner also may have told Mr. Mann earlier what he signed would not affect their ability to sell the property. The majority concludes Mrs. Mann's statement conclusively refutes Mr. Mann's testimony. By so concluding, the majority also necessarily determines Mrs. Mann's statement to be more credible as to when Ms. Turner's statement was made. To do so contravenes the requirement to consider the evidence most favorably to the Manns, and requires resolution of disputed facts which should be reserved for the fact-finder at a later stage of the proceedings. Accordingly, I dissent from the majority's analysis and disposition of appellant's third assignment of error.
 {¶ 4} Given my conclusion appellant's fraud defense is viable, I further disagree with the majority's analysis and disposition of appellant's second assignment of error based upon the exception for fraud found in R.C. 5301.01(B)(1)(a). Likewise, because I find the fraud defense still viable, I find the disputed fact concerning when the quitclaim deed was filled in is material and must be construed for summary judgment purposes as being filled in at a later time. Consequentially, I disagree with the majority's analysis of appellant's sixth assignment of error which is premised upon its conclusion when the quitclaim deed was filled in is not material.
 {¶ 5} For all the above reasons, I would then also sustain appellant's first assignment of error.